*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TYLER MAURICE TATE,

      Defendant-Appellant.

UNPUBLISHED
January 5, 2023

No. 338360
Wayne Circuit Court
LC No. 16-010656-01-FJ

## ON REMAND

Before: M. J. KELLY, P.J., and MARKEY and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. In *People v Boykin*, ___ Mich ___; ___ NW2d ___ (2022) (Docket Nos. 157738 and 158695), the Michigan Supreme Court held that "in all sentencing hearings conducted under MCL 769.25 or MCL 769.25a, trial courts are to consider the defendant's youth and *must treat it as a mitigating factor.*" *Id*. at ___; slip op at 13 (emphasis added). For the reasons discussed below, I conclude that the trial court failed to comply with this requirement.

In issuing its sentence, the trial court referenced defendant's youth only once and that comment made clear that the court did not "treat it as a mitigating factor." Specifically, the court stated that "perhaps your age, and your maturity, were working against you," but it quickly dismissed that notion because "in our civilized society, [your] actions, despite your age, do not make your actions forgivable" and "you knew exactly what you were doing." In my view, it is clear from these statements that the trial court concluded that defendant's youth and immaturity should not be considered as a mitigating factor because defendant "knew exactly what [he was] doing." The comment suggests that immaturity should not be considered a mitigating factor (or at least was not in this case) unless it rendered the defendant incapable of understanding his actions. But the question is not whether the minor defendant knew that he was committing a violent assaultive act. Rather, it is whether his actions were affected by his "lack of maturity and an underdeveloped sense of responsibility, leading to recklessness, impulsivity and heedless risk-taking." *Miller v Alabama*, 567 US 460, 471; 132 S Ct 2455; 183 L Ed 2d 407 (2012) (quotation marks and citation omitted). Once a trial court considers the attributes of youth as a mitigating

factor it may conclude that a 40-year minimum sentence is proportional to circumstances of the offense and the offender. However, a trial court may not dismiss the defendant's youth as a mitigating factor on the basis that he "knew exactly what [he was] doing," which holds true for every crime in which intent is an element.[1] Nor is the defendant's youth merely a minor concern. "[T]he chronological age of a minor is itself a relevant mitigating factor of great weight [as is] the background and mental and emotional development of a youthful defendant . . . ." *Miller*, 567 US at 476 (quotation marks and citation omitted).

The majority concludes that the trial court's statements show the court considered youth to be a mitigating factor but the court "properly focused on contrasting the purposefulness of [defendant's] actions from the expectation that a young offender will act impulsively or under influence." As I read its opinion, the majority reasons that because defendant's actions were purposeful, the trial court correctly determined that they could not be attributed to youth. I disagree with both the premise and conclusion of this argument.

While a juvenile defendant's level of planning and forethought is a relevant factor to consider, it nonetheless remains the case that youth must be treated as a mitigating factor *in all cases*. That is, even when the defendant's actions cannot be characterized as impulsive, courts must still consider the other reasons why juveniles are deemed to have diminished culpability, e.g., they are " 'more vulnerable or susceptible to negative influences and outside pressures, including peer pressure,' " and are less able than adults " 'to escape negative influences in their whole environment[.]' " *Boykin*, ___ Mich at __; slip op at , quoting *Roper v Simmons*, 543 US 551, 569-570; 125 S Ct 1183; 161 : Ed 2d 1 (2005). These considerations are especially relevant in this case when defendant joined a gang when he was 14 or 15 years old.

Further, the events leading to the shooting unfolded quickly, and defendant's participation in the murder can fairly be described as impulsive. Tyshon Taylor heard the victim disparage Brendon Stanton-Lipscomb's gang sometime after 5:00 p.m. Taylor, not defendant, then informed Stanton-Lipscomb and told him to come to the mall. During a phone conversation, Taylor declined Stanton-Lipscomb's request to lead the victim out of the mall. At about 5:34 p.m., the phone is passed to defendant, who agrees to do what Stanton-Lipscomb wanted. Defendant led the victim out of the mall at about 5:52 p.m., and then the shooting occurred. Accordingly, there was little time for defendant to reflect on his decision to aid Stanton-Lipscomb, who he looked to as a leader of their gang.

I recognize that trial courts are not required to articulate on the record how a defendant's youth affected its decision. *Boykin*, ___ Mich at ___; slip op at 2. In this case, however, the trial court expressly declined to treat defendant's youth as a mitigating factor because it concluded that defendant acted purposefully. This was erroneous for the reasons discussed, and the court's

---

[1] Indeed, if defendant did not understand what he was doing, it is difficult to see how the element of intent could be shown, in which case there would be no conviction and so no need for sentencing.

statements precludes an inference from the totality of the record that it treated defendant's youth as a mitigating factor.[2]  Accordingly, I would remand for resentencing and so respectfully dissent.



/s/ Douglas B. Shapiro

---

[2] I also recognize that the Supreme Court remanded for us to consider the totality of the sentencing record and I, like the majority, have done so.  However, I am not aware of—and the majority fails to identify—anything in the record that would support a conclusion that the trial court complied with *Boykin*'s requirement to treat youth as a mitigating factor.